IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STEPHEN. C.,

    Plaintiff,

v.                                                                                          Civ. No. 24-1253 GBW

CAROLYN COLVIN, *Acting Commissioner of the Social Security Administration*[1],

    Defendant.

### ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*

THIS MATTER comes before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form). *Doc. 2*. For the reasons stated below, Plaintiff's Application is GRANTED.

The statute governing proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a description of all assets the person possesses as well as a statement that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

---

[1] Carolyn Colvin is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil procedure, Carolyn Colvin should be substituted for Commissioner Martin O'Malley as the defendant in this suit.

*Menefee v. Werholtz*, 368 F. App'x 879, 884 (10th Cir. 2010) (unpublished) (quoting *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962)).  "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status."  *Scherer v. Kansas*, 263 F. App'x 667, 669 (10th Cir. 2008) (unpublished) (citing *Holmes v. Hardy*, 852 F.2d 151, 153 (5th Cir. 1988)).  "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs[.]"  *Adkins v. E.I. DuPont De Nemours & Co.*, 335 U.S. 331, 344 (1948).  While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."  *Id.* at 339.

      The Court will grant Plaintiff's Motion to proceed *in forma pauperis*.  Plaintiff signed an affidavit in support of his application in which he declares that he is unable to pay the costs of these proceedings and declares under penalty of perjury that the information regarding her income is true.  Because Plaintiff's only income is generated from SNAP, Plaintiff is unemployed, and Plaintiff's monthly expenses are approximately $292.00, the Court concludes that Plaintiff is unable to prepay the fees and costs of this proceeding.  *See generally doc. 2.*

IT IS THEREFORE ORDERED that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (*doc. 2*) is GRANTED.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE

.